IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GENEVIEVE COLEY,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:10-CV-830-Y |
| | § | |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>　　Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Genevieve Coley, Reg. No. 35178-183, was a federal prisoner incarcerated in Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell) at the this petition was filed. Petitioner was released from FMC-Carswell on March 24, 2011, and has not notified the court of her current address. *See* Fed. Bur. of Prisons, Inmate Locator, at www.bop.gov.

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. PROCEDURAL HISTORY

On January 8, 2010, pursuant to a plea bargain agreement, petitioner pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341(1), in the Eastern District of Virginia, Richmond Division, and was sentenced to a 15-month term of imprisonment. *See United States v. Coley*, PACER, Case Locator, Criminal Docket for Case No. 3:09-CR-321-REP-1. Petitioner asserts she did not appeal or file a § 2255 motion to challenge her conviction or sentence. (Form Pet. at 2-3) Petitioner filed this federal petition under § 2241 in this division where she was serving her sentence. Petitioner claims she is actually innocent of the offense in light of the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States,* 130 S. Ct. 2971 (2010). Respondent has filed a response requesting dismissal of the action for lack of jurisdiction.

## D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, petitioner must show that: (1) her claim is based on a retroactively applicable Supreme Court

2

decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner claims the Supreme Court decisions in *Skilling v. United States*, 130 S. Ct. 2896 (2010), *Black v. United States*, 130 S. Ct. 2963 (2010), and *Weyhrauch v. United States,* 130 S. Ct. 2971 (2010), all of which involved the "honest services" fraud statute in 18 U.S.C. § 1346,[1] has rendered her actually innocent. (Orig. Pet. at 2-7) In *Skilling*, the Supreme Court held that 18 U.S.C. § 1346[2] criminalizes only bribery and kickback schemes–*i.e.*, fraudulently depriving another of one's honest services by accepting bribes or kickbacks. *Skilling,* 130 S. Ct. at 2933. Petitioner claims she was convicted of violating 18 U.S.C. § 1341 through the signing of the plea agreement but would not have signed the plea agreement had she known of the pending decision by the Supreme Court.

However, petitioner was convicted of mail fraud, under 18 U.S.C. §§ 1341, and there were no allegations of fraud based on an honest services theory under 18 U.S.C. § 1346 in the criminal information. (Resp't App. at 9) *See Edelmann v. Keffer*, No. 4:10-CV-531-Y, 2011 WL 2517273,

---

[1] In the three cases cited by petitioner, the Supreme Court contemporaneously considered the issue of the constitutionality of the honest services fraud statute, with *Skilling* resulting in the Court's lead opinion.

[2] Section 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

3

at *1-3 (N.D.Tex. June 24, 2011) (order). Thus, the Supreme Court's holding in *Skilling* is neither relevant nor applicable to her conviction. *Id.* It necessarily follows that, although *Skilling* may be retroactively applicable to cases on collateral review, petitioner cannot demonstrate that she is actually innocent of the crime of conviction. *Id.* Furthermore, *Skilling* was decided on June 24, 2010, and petitioner could and should have raised her claim in a § 2255 motion in the convicting court. Having had an adequate and effective opportunity to assert the instant claim, petitioner may not proceed to do so under this court's § 2241 jurisdiction.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 30, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 30, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 9, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE